STATE ex rel. MARGARET STOLTENBERG v. DANIEL C. BROWN.[1]

November 11, 1910.

Nos. 16,913—(48).

**School board — physical examination of pupils.**

A school board may employ a suitable person to ascertain the physical condition of the pupils in attendance upon the public schools of the district.

Petition to the district court for Hennepin county for a writ of mandamus to compel the comptroller of the city of Minneapolis to countersign a warrant for $60, for services rendered by petitioner, at the request of the board of education of Minneapolis, in making an inspection of the physical condition of the pupils in certain schools. The defendant's motion to quash the writ was denied.

[1]Reported in 128 N. W. 294.

From a judgment, Holt, J., granting the writ, respondent appealed. Affirmed.

*Frank Healy and William H. Morse,* for appellant.
*Lind, Ueland & Jerome,* for respondent.

O'BRIEN, J.

Relator obtained an alternative writ of mandamus directing the defendant, D. C. Brown, as comptroller of the city of Minneapolis, to countersign a warrant for salary claimed to be earned by her as an employee of the board of education of the city of Minneapolis. A motion to quash, interposed upon behalf of the comptroller, was denied. He elected to stand upon his motion, and thereupon judgment was entered for a peremptory writ. The allegations of the petition are therefore to be taken as true, and, if sufficient to show the relator entitled to relief, the judgment must be affirmed.

On December 14, 1909, the board of education of Minneapolis, pursuant to a previously adopted resolution recommending the employment of a suitable graduate nurse for one month to make an inspection of the physical condition of the pupils of certain named schools, appointed the relator to make such inspection at a salary of $60 for the month's services. The relator performed those services for the period named, and was placed upon the pay roll as entitled to the sum of $60. A warrant for that sum was drawn and signed by the president and secretary of the board; but, when presented to Mr. Brown, the comptroller of the city of Minneapolis, he refused to countersign the warrant. By the motion to quash the alternative writ, the authority of the board of education to employ the relator for the purpose named is challenged, and there is presented for consideration that single question.

The board of education of the city of Minneapolis is a corporation, organized under certain special laws, which it is unnecessary to give in detail here. In the recent case of Jackson v. Board of Education, supra, page 167, 127 N. W. 569, we had occasion to consider the organization of that body, and held that in its general purposes and characteristics it did not differ from the other school districts of the state. The purpose of the corporation is to main-

tain efficient, free, public schools within the city of Minneapolis, and, unless expressly restricted, necessarily possesses the power to employ such persons as are required to accomplish that purpose.

Education of a child means much more than merely communicating to it the contents of text-books. But, even if the term were to be so limited, some discretion must be used by the teacher in determining the amount of study each child is capable of. The physical and mental powers of the individual are so interdependent that no system of education, although designed solely to develop mentality, would be complete which ignored bodily health. And this is peculiarly true of children whose immaturity renders their mental efforts largely dependent upon physical conditions. It seems that the school authorities and teachers coming directly in contact with the children should have an accurate knowledge of each child's physical condition, for the benefit of the individual child, for the protection of the other children with reference to communicable diseases and conditions, and to permit an intelligent grading of the pupils. All of these considerations, as well as many others unnecessary to mention, convince us that the conclusions of the learned trial judge were entirely right.

Judgment affirmed.